Bart KELLY, Appellee

v.

OLD REPUBLIC INSURANCE CO., Commercial Carriers, Inc. and Lawrence Graboski, Defendants,

and

A Morris & Morris Law Office of Oklahoma City, P.C., Appellant.

No. 83344.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 21, 1995.

Christopher J. Bergin and Eric T. Felber, Oklahoma City, for appellee.

Sandra L. Tolliver, Tulsa, for appellant.

## OPINION

HUNTER, Judge:

Appellee retained A Morris & Morris law firm, Appellant, to represent him in a personal injury action. The parties executed a contingency fee contract. A Morris & Morris filed a lawsuit on this cause for Appellee on August 10, 1993, in which it claimed an attorney's lien. In a letter dated August 20, 1993, Appellee discharged and terminated the services of Morris & Morris and asked

that his files be immediately provided to Bergin & Barr, his newly retained law firm.

A Morris & Morris was, until December 3, 1993, a professional corporation. Greg A. Morris was the sole shareholder. Greg A. Morris resigned from the Oklahoma Bar Association on December 3, 1993, pending disciplinary proceedings. The procedure for resignation pending disciplinary proceedings is found at 5 O.S., Ch. 1, App. 1–A, Rule 8, which states, in pertinent part:

> Rule 8.1: A lawyer who is the subject of an investigation into, or a pending proceeding involving, allegations of misconduct may resign membership in the Oklahoma Bar Association, and thereby relinquish the right to practice law, only by delivering to the Commission an affidavit stating that the lawyer desires to resign and that:
>
> > (a) The resignation is freely and voluntarily rendered, the lawyer is not being subjected to coercion or duress, and the lawyer is fully aware of the consequences of submitting the resignation;
> >
> > (b) the lawyer is aware that there is presently pending an investigation into, or proceedings involving, allegations that there exist grounds for discipline, specifying particularly the misconduct alleged.

Appellee's second law firm handled his case until the conclusion by settlement. In January, 1994, Appellee moved to extinguish Appellant's attorney's lien. The trial court sustained the motion finding that (1) A Morris & Morris had no valid lien interest in the attorney's fee portion of the settlement reached; (2) Greg A. Morris, having surrendered his license to practice law in Oklahoma lacked capacity, as a matter of law, to be a shareholder, director or officer of A Morris & Morris, P.C. and (3) A Morris & Morris, P.C. lacked standing to assert a lien for attorney's fees. The trial court's errors amount to deprivation of property without due process of law in violation of the Oklahoma Constitution, Art. 2 § 7. Appellant neither waived nor forfeited his property interest in his attorney's lien.

1. 18 O.S.1991 § 805.

## STANDARD OF REVIEW

▮▮ Proceedings to enforce an attorney's lien is of equitable cognizance. *Martin v. Buckman,* 883 P.2d 185, 192 (Okl.App. 1994). We hold that a motion to extinguish such a lien is also an equity action and triable without a jury. On review, the appellate court does not disturb the order of the trial court sitting in equity unless the order was "against the clear weight of the evidence or contrary to law or established principles of equity." *Wetsel v. Johnson,* 468 P.2d 479, 481 (Okl.1970).

## FINDINGS ON REVIEW

The trial court did not take evidence in this case. The attorneys attached documents to their briefs which included copies of the petition with attorney's lien stated; contingency fee contract between A Morris & Morris and Appellee; Appellee's letter discharging A Morris & Morris and a copy of the Supreme Court's order accepting Greg A. Morris' resignation pending disciplinary action, 65 OBJ No. 7, 2/8/94. The court heard legal arguments, then sustained Appellee's motion to extinguish Appellant's attorney's lien. The trial court's order is contrary to law and must be reversed.

▮▮ The court's first reason stated for finding no valid lien interest was that "Greg A. Morris, who has surrendered his license to practice law in Oklahoma, lacks capacity, as a matter of law, to be a shareholder, officer or director of the professional corporation A Morris & Morris Law Office of Oklahoma City, P.C." The relevant time period, however, for the status of the corporation was during the time it represented Appellee, not at the time of the hearing to extinguish lien. The documents submitted in the briefs reveal that the during the time Appellant represented Appellee, it was a viable professional corporation. Pursuant to our law, all corporations, including professional corporations [1], are allowed to continue as bodies corporate for the sole purpose of winding up their businesses [2].

The trial court also found Greg A. Morris lacked standing to assert the lien for attor-

2. 18 O.S.1991 § 1099, in pertinent part: All corporations, whether they expire by their own limi-

ney's fees. This finding was gratuitous on the part of the trial court because only A Morris & Morris, P.C. asserted its right to foreclose the lien. Clearly the corporation had standing as the lienholder to defend against Appellee's effort to extinguish its lien.

■ Timing of events was important to this case. During the relevant time period, that is, from the time the lien was claimed with the filing of the suit until Appellee discharged the corporation from representation, A Morris & Morris had a valid lien on the action, which became enforceable when the contingency occurred (settlement of the suit in this case). The kind of attorney's lien in question, a "charging" lien, is defined at 5 O.S.1991 § 6 [3]. The court should have taken evidence on the relative value of each of the firms' services to the client and awarded Appellant his fair share (quantum meruit). *First Nat. Bank & Trust Co. of Tulsa v. Bassett,* 183 Okl. 592, 83 P.2d 837 (1938) (syllabus of the court). In *Martin v. Buckman,* at 192, the court stated the rule that "[i]f an attorney is discharged without cause, the lawyer working on a contingent fee basis is entitled to receive for his services a proportionate share of any contingent fee fund eventually created."

In the case at hand, Appellee did not state a reason for discharging A Morris & Morris.

Three months after the fact, Greg A. Morris, sole shareholder of the professional corporation, resigned from the bar pending disciplinary action. We cannot hold, however, that a Rule 8 resignation is an admission of wrongdoing or that the investigation concerns the case in which the attorney's lien was claimed [4].

In summary, we find that Appellant was acting within the statutory three-year time period from the dissolution of the corporation and had a valid defense to the attempted extinction of his attorney's lien. Because no disciplinary action had been imposed, and could not have been absent due process, and because no evidence was educed showing that Appellant acted wrongly vis-a-vis Appellee, the trial court is directed to conduct an evidentiary hearing to determine whether Appellant was discharged for cause and if not to determine the value of Appellant's services to Appellee and award Appellant a fair and proportionate share of the settlement's attorney's fee award.

REVERSED AND REMANDED WITH DIRECTIONS.

GARRETT, C.J., concurs in result.

ADAMS, J., concurs.

---

tation or are otherwise dissolved, nevertheless shall be continued, for the term of three (3) years from such expiration or dissolution or for such longer period as the district court shall in its discretion direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business to dispose of and convey their property, to discharge their liabilities, and to distribute to their shareholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized.

3. Oklahoma recognizes two kinds of attorney's liens. The charging lien, recognized at common law and now codified may be asserted by a lawyer only when the lawyer commences a lawsuit on behalf of a client or files a counterclaim and endorses the lien claim on the pleading. The charging lien attaches to the ultimate decision in the client's case. The retaining lien, also recognized at common law but not codified in

Oklahoma, allows the attorney to assert a lien against the client's property when the client owes fees to the attorney and the lawyer is in possession of client's property not otherwise designated for a specific purpose. For a full discussion of these two attorneys' liens, see *State ex rel. Oklahoma Bar Assoc. v. Cummings,* 863 P.2d 1164 (Okl.1993).

4. The order approving resignation states the following in compliance with Rule 8's requirement for specifics: Respondent (Morris) was aware of a complaint filed against him by the General Counsel of the Oklahoma Bar Association, containing numerous counts regarding workers' compensation, personal injury, and products liability cases, in which respondent allegedly failed to properly communicate with clients, neglected legal matters entrusted to him, allowed non-attorneys at his office to engage in the unauthorized practice of law, and withheld settlement funds from clients, all of which if proven would be grounds for professional discipline.